**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILFREDO RIZ JUAREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-563-G** |
| | ) | |
| **WARDEN OF CIMARRON CORRECTIONAL FACILITY et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

On April 1, 2026, Petitioner Wilfredo Riz Juarez, proceeding through his next friend and spouse Corban Nathaniel Brice, filed an Amended Petition for Writ of Habeas Corpus (Doc. No. 10), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review. Respondent filed an Answer (Doc. No. 23), and Petitioner filed a Reply (Doc. No. 24) and Supplements (Doc. Nos. 26, 28).[1]

On June 3, 2026, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 29), in which she recommended that the Petition be granted and Petitioner be immediately released. Respondent filed an Objection (Doc. No. 30), to which Petitioner responded (Doc. No. 31).

[1] The appearing Respondent is Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal Operations.

Because Respondent has objected to the R. & R., the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

Petitioner is a noncitizen who first entered the United States and was detained by ICE in August 2022. Am. Pet. at 7. ICE later released Petitioner on his own recognizance pursuant to 8 U.S.C. § 1226. *Id.*; *see* Doc. No. 28-2.

On December 12, 2022, the Department of Homeland Security ("DHS") issued a Notice to Appear, which charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). *See* R. & R. at 3 & n.4; Doc. No. 23-2. Petitioner applied for asylum on August 17, 2023. R. & R. at 3; Doc. No. 23-1.

On February 7, 2026, ICE arrested Petitioner and placed him in detention. R. &R. at 2; Am. Pet. at 2; Answer at 2. Petitioner is being held at the Cimarron Correctional Facility in Cushing, Oklahoma. Am. Pet. at 1.

In the Amended Petition, Petitioner argues that his arrest and ongoing detention violate the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Am. Pet. at 7-8.

*II. Discussion*

Respondent asserts that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Answer at 3-13. Judge Mitchell determined in relevant part that 8

U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 5-8. Accordingly, Judge Mitchell concluded that Petitioner is entitled to relief in the form of release or an individualized bond hearing under 8 U.S.C. § 1226(a). *See id.*

Respondent objects that the R. & R. erroneously concluded that § 1225(b)(2)(A) did not apply to Petitioner by failing to deem Petitioner an "applicant for admission" "seeking admission" under that statute. Resp't's Obj. at 2-11 (citing 8 U.S.C. § 1225(b)(2)(A)).

Following the issuance of the R. & R. and the submission of Respondent's Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondent's objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Am. Pet. at 2, 7; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Am. Pet. at 7-8. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable.

*See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 29) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 10) is GRANTED as to Petitioner's INA claim.

2. Respondent is ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Petitioner's pending Motions (Doc. Nos. 6, 32, 33, 43) are DENIED AS MOOT.

5. Respondent shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 3rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's remaining claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).